The opinion of the court was delivered by
Pochb, J.
This is a proceeding by the tax collector to enforce payment of a State license of §1000 per annum for each of the years 1887, 1888 and 1889, under the provisions of Sec. 10 of Act 101 of 1886. The portion of the section involved in the controversy reads as follows:
“That for any place where can-can, elodoche or other similar female dancing or sensation performance or statuary exhibitions are shown, or any other fixed place for either theatrical, musical, minstrel, concert, dancing or variety performance, exhibition, amusement or show, the license shall be $1000 in cities with a population of more than 25,000, and in cities and towns with a less population the license shall be $500; and nothing in this paragraph shall be construed as licensing or permitting any performance which is prohibited by other laws, ordinances or police regulations. Provided that nothing in'this section shall apply to any respectable *558 place of business already paying a license under the provisions of this act, where free concerts are given for the entertainment of guests by regular organized officers only.”
The defence is a general denial which puts at issue the affirmative allegation that defendant’s business falls within the description contained in the first portion of the section as herein above transcribed, followed by the contention that defendant’s business is protected by the proviso contained at the end of the section.
Prom a judgment in favor of the State defendant appeals.
Prom the preponderance of the evidence, which is conflicting, it ■conclusively appears that defendant’s place of business, 'known under the name of “Wenger’s Garden,” consists mainly of a barroom and restaurant, at which liquors and refreshments are sold, and to which customers are attracted by means of free vocal and instrumental concerts, and other attractive performances therein given.
Besides instrumental music and songs, both by male and female performers, there are exhibitions consisting of comical songs, either solos or duets, motto songs and character songs, in which different typical characters are represented by imitation of national idioms, mimicry of faces and of characteristics of individuals and classes of individuals, by means of mimicry of the expression and appearance of sundry persons, even of those who are in the audience, and by means of rapid and numerous changes of costumes. -
Without goining into the description of other details, many of which had better remain unwritten in this opinion, we are led to the conclusion that defendant’s business is a place at which musical, concert, dancing and variety performances are given, and that, as such, it is clearly liable to the license prescribed in Sec. 10 of Act 101 of 1886.
In support of his second ground of defence, and of the contention that his case is that of a “respectable place of business, already paying a license under the provisions of this act, where free concerts are given for the entertainment of guests,” the defendant has introduced a mass of testimony going to show that his establishment is much more respectable, both in the character of the performances and of its audiences, than several well known “ concert saloons,” situated in this city, and which are admittedly liable to the license prescribed by the section now under consideration.
Even-handed justice to his establishment justifies the statement *559 from us that, in this, he has succeeded, but a careful analysis of the testimony has forced on us the conclusion that he has entirely failed to make out a ease entitling him to the protection of the proviso which he invokes. On this point also details had better be omitted from this opinion.
Entertaining these views, we find it unnecessary to decide many points which are very ably discussed by counsel of both parties, and to judicially determine what the Legislature meant by the expression of concerts “ by regular organized officers only.”
Judgment affirmed.